ERWIN & McKELSEY *v.* RUSSELL STAFFORD.

*Intoxicating Liquor.     Place of Contract.     Illegal Contract.
Practice.*

The agent of the plaintiffs, who were wholesale liquor-dealers in New York, was author-
ized to take orders for liquors, and to agree on the price and time of payment; but the
plaintiffs, by an understanding with said agent, had a right to reject his orders if they
chose. The defendant, a tavern-keeper in Whitingham, in this state, having no knowledge
of such understanding, contracted with said agent, at Whitingham, for a bill of liquors to
be sent him by the plaintiffs; and said agent accordingly ordered the liquors from Brat-
tleboro by letter, and they were sent to the defendant, and retailed by him at his bar.
*Held,* that said contract of sale was made in this state, and void.

The defendant himself subsequently ordered a bill of liquors, by letter sent directly to
the plaintiffs in New York, which were sent, and retailed by him as aforesaid. *Held,*
that the sale thereof was made in New York, and valid.

The plaintiffs charged said liquors to the defendant as they were sold, and the defend-
ant made payments therefor while the account was running, and the money paid was
credited to him. The plaintiffs presented the whole account, debt and credit, before
the auditor for adjustment, and the defendant treated the whole account thus presented
as proper to be settled in this action. *Held,* that therefore no question arose as to
whether the defendant could recover back any of the money thus paid; but that the
charges were to be determined according to their validity to go into the accounting,
and to affect the general result accordingly, and that the credits were to be treated as
payments upon the running account, and not as payments upon any particular item,
or bill, of the account, and were to be computed in favor of the defendant in arriving
at the ultimate result.

When a judgment is more favorable to a party than he is entitled to have it, he cannot
have it reversed on his own exceptions; and, it not being opened on his exceptions,
the other party, who does not except, is not entitled to have it corrected in his favor.

BOOK ACCOUNT.  The plaintiffs were wholesale liquor-dealers
in the city of New York, and the defendant was a tavern-keeper
in Whitingham, in this state.  Early in May, 1869, one Knight, a
traveling and soliciting agent of the plaintiffs, on one of his cus-
tomary trips through that vicinity, met the defendant in said Whi-
tingham, and the defendant told him that he wanted the plaintiffs
to send him a bill of certain liquors, which he named, and the
price of the liquors was then and there agreed upon.  On his re-
turn to Brattleboro, his head-quarters when operating in that sec-
tion, and on the 12th of said May, Knight wrote the plaintiffs in
New York, ordering said liquors to be forwarded to the defend-
ant at Whitingham.  The plaintiffs received said letter by due
course of mail, and, on the 14th of said May, forwarded said
liquors to the defendant as therein requested, to the amount of

$421.25, and $8.90 for packing, cartage, &c. The defendant received the same, and retailed them at his bar. Knight had authority to solicit orders for liquors, and agree on the price and time of payment, but the plaintiffs had the right, on receipt of his orders in New York, to fill them or not, at their option, having regard to the solvency of the purchasers, and their reliability, in view of the laws of Vermont—which were well understood by all parties—in making payments; but it did not appear that the defendant was cognizant of such limitation of Knight's authority. Knight told the defendant on the occasion aforesaid, if he wanted more liquors before he came round again, to send an order himself directly to the plaintiffs in New York. On the 3d of August, 1869, Knight was at the defendant's tavern, and the defendant produced the bill of said liquors, and paid Knight $130.15 thereon, and there was then a deduction made of $9.75 on the item of rum therein, and the sum paid and the amount deducted were endorsed on the bill. On the 1st of October, 1869, the defendant sent an order directly to the plaintiffs in New York for another bill of liquors, which they sent on the 9th of the same month to the amount of $156.25. On the 2d of November, 1869, Knight again called on the defendant, when the first bill of liquors was again produced, and the defendant paid Knight $150 more, which was indorsed thereon. The defendant then told Knight that he had ordered another bill of liquors of the plaintiffs, and complained that he had not received it. This was the first Knight knew that the defendant had ordered any liquors himself. At the time of the payment last aforesaid, the last bill of liquors had been shipped from New York, but not received by the defendant; but he subsequently received the liquors, and retailed them at his bar.

The auditor found, if the contract for the first bill of liquors was valid, that the defendant was indebted to the plaintiffs in the sum of $362.06; but that if said contract was not valid, and the payment first aforesaid should apply as a voluntary payment thereon, the defendant was indebted in the sum of $182.37; and that, if said contract was not valid and said payment should not apply thereon as aforesaid, the defendant was indebted in the sum of $7.00.

The court, at the September term, 1872, BARRETT, J., presiding, rendered judgment, *pro forma*, on the report for the defendant. Exceptions by the plaintiffs.

*Field & Tyler*, for the plaintiffs.

We claim that the contract for the first bill of liquors was made in New York, and did not contravene the laws of this state. The authority of Knight was limited to soliciting orders and submitting them to the plaintiffs for them to reject or perfect into contracts, at their option, and this limitation the defendant was bound to know. In any event, there was an implied contract to pay the item of $8.90 for packing, cartage, &c.

The contract for the last bill was made in New York, and is valid, although the defendant acted upon Knight's suggestion in sending the order. *Backman* v. *Mussey*, 31 Vt. 547. Neither would the contract be vitiated by the mere fact that the plaintiffs knew the illegal purpose to which the liquors were to be applied. *Backman* v. *Wright*, 27 Vt. 187 ; *Tuttle et al.* v. *Holland*, 43 Vt. 542.

It is insisted, however, that both payments should be applied upon the last bill. But they were both made voluntarily upon the first bill, and applied thereon, and the court should not disturb such application. *Backman* v. *Wright*, *supra ; Bancroft* v. *Dumas*, 21 Vt. 456.

*H. N. Hix* and *George Howe*, for the defendant.

The first question is, as to the legality of the sale of the liquors. The defendant claims that the sale of the first bill of liquors was made in this state, and void under the laws thereof. If the plaintiffs cannot recover for the first bill of liquors, and can recover for the second, then the debtor side of plaintiffs' book is only one hundred and fifty-six dollars and twenty-five cents. The sale of the second bill of liquors, being made in another state, is valid, and not in contravention of the laws of this state. *Territt et al.* v. *Bartlett*, 21 Vt. 184 ; *McConihe & Co.* v. *McMann*, 27 Vt. 95 ; *Backman* v. *Wright*, Ib. 187 ; *Backman* v. *Mussey*, 31 Vt. 547.

If the sale of the first bill of liquors is illegal and void, then the second question is as to the application of the payments. *Tuttle et al.* v. *Holland*, 43 Vt. 542. The defendant contends that, under our statute of 1852 in regard to intoxicating liquors, and the amendments thereto of 1854 and 1855, no application of any money paid by the defendant to the plaintiffs for intoxicating liquors, when the sale of such liquors was illegal and void, can have any legal effect as a payment. When the plaintiffs undertook to apply the payments upon the first bill, although with the consent of the defendant, they did it in violation of law without consideration, and against law, equity, and good conscience. The money could not operate instantly in partial extinguishment of the debt, because none existed at the time it was paid. Consequently, the plaintiffs held the money for the use of the defendant, and whatever legal indebtedness existed between them after such payment, could be satisfied by this money. *Backman* v. *Mussey*, *supra.*

The opinion of the court was delivered by

WHEELER, J. The plaintiffs appear to have presented all the items involved in this controversy, both debt and credit, to the auditor for adjustment, and the defendant appears to have treated the whole of the deal between him and the plaintiffs so presented by them, as being proper to be settled in this action. There is therefore no question to be determined as to whether money paid for intoxicating liquors sold contrary to law, can be recovered back or not, in this form of action. The plaintiffs sold the goods charged to the defendant at different times, and charged them to him, and he made payments while the account was running, and they credited him with the money paid, and when they brought the whole account before the auditor for adjustment, the charges were to be determined according to their validity to go into the accounting, and to affect the general result accordingly, and the credits were to be treated as payments upon the running account, and not as payments upon any particular items, or bill, of the account, and were to be computed in favor of the defendant in arriving at the ultimate balance. This makes

it unnecessary to decide any question as to the application of payments upon any particular items, as might have been necessary if either of the bills in controversy had stood by itself, to be adjudicated upon as a cause of action without reference to the other bill, or to the fact that it was a part of a running account.

The contract of sale of the first bill of liquors, so far as the defendant was concerned, was completed between him and the plaintiffs' agent in this state. They appear to have had some understanding with their agent that they might repudiate his contracts if they chose, but the defendant did not know this, and, therefore, cannot be considered to have made mere propositions for a contract to the agent to be accepted or rejected by the plaintiffs in New York. Whether the understanding with the agent so affected his authority that the plaintiffs would not be bound by his contract that was otherwise binding, or not, is not necessary to be determined ; he assumed to, and did, make a contract in their behalf in this state, and they let that contract stand and acted upon it as their contract, and the legality of it stands the same as if they had themselves made it here. No question is made but that the contract, if made in this state, was illegal, so as to defeat the right to recover for the liquors sold by it. The first bill of liquors must, for these reasons, be disallowed in the accounting. No serious question has been, or could well be, made but that the plaintiffs are entitled to be allowed for the other bill of liquors. The account should stand with the second bill of liquors, $156.25, charged to the defendant, and the payment of $130.15 and that of $150 credited to him. This would leave a balance of $123.90 due the defendant from the plaintiffs to balance book accounts between them.

The judgment of the court below was for the defendant for his costs. This judgment was more favorable to the plaintiffs than they were entitled to have it, and, therefore, they are not entitled to have it reversed. The defendant did not except, and as the judgment is not opened on the plaintiffs' exceptions, he is not entitled to have it corrected in his favor.

Judgment affirmed.